UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-00013-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| TN DEPARTMENT OF SAFETY AND HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 5]. In the R&R, the magistrate judge recommends that Plaintiff's Complaint be dismissed based on Defendant's Eleventh Amendment immunity [Doc. 5, pgs. 4–5]. The parties did not file objections to the R&R.[1] *See* Fed.R.Civ.P. 72(b). For the reasons that follow, the R&R is **ADOPTED IN PART** as stated below.

In the R&R, the magistrate judge recommends denying Plaintiff's Application to Proceed in Forma Pauperis because she stated she receives $10,800.00 in gross salary and wages per month [Doc. 5, pgs. 2–3; *see* Doc. 1, pg. 2]. The magistrate judge then screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended dismissal [Doc. 5, pgs. 3–5].

In *Benson v. O'Brian*, the Sixth Circuit explained that "§ 1915(e)(2) applies only to in forma pauperis proceedings. . . . To our knowledge no other part of § 1915 has been applied to actions not pursued in forma pauperis." 179 F.3d 1014, 1016 (6th Cir. 1999). Because Plaintiff has not shown she is indigent, the Court cannot screen the Complaint under § 1915(e)(2). *See Wojt*

---

[1] Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

*v. Wray*, No. 23-CV-12834, 2023 WL 7646426, at *1 (E.D. Mich. Nov. 14, 2023) ("Because Plaintiff's IFP application is denied, the Court cannot screen his Complaint under 28 U.S.C. § 1915(e).") (citing *Benson*, 179 F.3d at 1016).

In screening the complaint, the magistrate judge concluded that Defendant is entitled to Eleventh Amendment immunity [Doc. 5, pg. 4]. Plaintiff has not objected to that conclusion. The Sixth Circuit has held that "the Eleventh Amendment is a true jurisdictional bar that courts can … raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Because Defendant is entitled to Eleventh Amendment immunity, this Court lacks jurisdiction. Dismissal is appropriate on that ground. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, Plaintiff's Complaint [Doc. 2] is **DISMISSED WITHOUT PREJUDICE**. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice."). The R&R regarding the Application to Proceed in Forma Pauperis [Doc. 1] is **ADOPTED** and is accordingly **DENIED**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge